IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:   4:10cr80/RH/CAS
                                                    4:13cv193/RH/CAS
KEVIN MICHAEL TILCOCK,
        Defendant.

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 108).  The Government filed

a response (ECF No. 98) and Defendant filed a reply.  (ECF No. 101).  The case was

referred to the undersigned for the issuance of all preliminary orders and any

recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc.

R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of

the record and the arguments presented, it is the opinion of the undersigned that

Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255

motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

### PROCEDURAL BACKGROUND[1]

On November 2, 2010, Defendant Kevin Michael Tilcock (hereinafter "Defendant"

or "Mr. Tilcock") was charged in a five count indictment with conspiracy to possess with

intent to distribute oxycodone, methadone, and alprazolam (Count One); distribution of

---

[1]Detailed statements of facts describing the offense conduct are set forth in the Final
Presentence Report (ECF No. 59) and the Government's response in opposition to
Defendant's motion (ECF No. 98), and will be set forth herein only as necessary.

oxycodone on three separate dates (Counts Two, Three, and Four); and possession with intent to distribute oxycodone, methadone, and alprazolam (Count Five).  (ECF No. 1).  Co-defendant Blake Corbin McDowell was charged in Counts One and Five.  At Defendant's first appearance on November 4, 2010, retained counsel Richard A. Greenberg, Esq. appeared in his behalf, and Defendant was released on bond.  (ECF Nos. 9, 11).

The Government filed an information and notice of prior convictions in which it identified a single prior felony drug conviction.  (ECF No. 22).  Six days later, Defendant entered a plea of guilty to all five counts of the indictment pursuant to a written plea agreement and statement of facts.  (ECF Nos. 27–29, 79).

As will be discussed further below, on March 3, 2011, the court revoked Defendant's pretrial release and ordered him detained pending sentencing.  (ECF Nos. 49, 75).  Pursuant to the final Presentence Investigation Report ("PSR"), Defendant's base offense level was 32.  (ECF No. 59, PSR ¶ 34).  Despite his guilty plea, he did not receive an adjustment for acceptance of responsibility because of the conduct that had led to the revocation of his pretrial release, which also resulted in a two level adjustment for obstruction of justice.  (ECF No. 59, PSR ¶ 30, 31, 38).  Defendant's criminal history category was IV.  (ECF No. 59, PSR ¶¶ 55–56).  The applicable advisory guidelines range, based on a total offense level of 34 and a criminal history category of IV, was 210 to 262 months.  (ECF No. 59, PSR ¶¶ 83).  At sentencing, the court recalculated the amount of drugs attributable to Defendant.  The revised total offense level was 30, and with a criminal history category of IV, the applicable guidelines range became 135

to 168 months. (ECF No. 76 at 78). The court sentenced Defendant at the bottom of the applicable range to a term of 135 months on all counts to run concurrently, followed by a six year term of supervised release. (ECF No. 63; ECF No. 76 at 78).

Defendant appealed, hiring attorney Robert Augustus Harper, Jr., to represent him. (ECF No. 83). On appeal, Defendant challenged the two-level sentence enhancement for obstruction of justice and the denial of the acceptance of responsibility adjustment. (ECF No. 86). The Eleventh Circuit found no error based on Defendant's own testimony and affirmed Defendant's sentence on May 9, 2012. (ECF No. 86 at 3–4).

On August 10, 2012, Defendant wrote a letter to the court which was construed as a motion requesting a copy of an audio recording that had been played at the revocation of pretrial release hearing held on March 3, 2011, but was not part of the transcript of the proceeding. Defendant indicated he needed the tape to assist him in preparing a § 2255 motion. (ECF No. 89). The district court denied the motion, noting that the revocation was proper, and that even if it was not, it made no difference because Mr. Tilcock would receive credit on his sentence for the time in custody prior to trial. The court also stated that "[n]othing that happened at the March 3 hearing could possibly entitle Mr. Tilcock to relief under § 2255." (ECF No. 91).

Next, Defendant filed a pleading titled "Memorandum in Support of Motion to Vacate, Set aside or Correct Judgment and Sentence under 28 U.S.C. § 2255" pursuant

to the prison mailbox rule on April 7, 2013.  (ECF No. 92).[2]  He filed an amended motion

pursuant to court order, and it is this motion, in which he raises five grounds for relief,

that is currently pending before the court.  (ECF No. 95).  The Government opposes the

motion in its entirety.

## LEGAL ANALYSIS

General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds

for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A

prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1)

violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3)

exceeded the maximum authorized by law, or (4) is otherwise subject to collateral

attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8

(11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of

constitutional rights and for that narrow compass of other injury that could not have

been raised in direct appeal and would, if condoned, result in a complete miscarriage of

justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations

omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v.

Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged

constitutional violation "has probably resulted in the conviction of one who is actually

innocent . . . ."

---

[2]Although the memorandum did not include a motion, it was docketed as a motion
in order to preserve Defendant's filing date.

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998);  McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S.

at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  Strickland's two part test also applies to guilty pleas.  Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)).  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with

much deference, consider "whether counsel's assistance was reasonable considering

all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of

Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to examine

counsel's performance in a highly deferential manner and "must indulge a strong

presumption that counsel's conduct fell within the wide range of reasonable professional

assistance."  Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting

Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305,

1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's

conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that

petitioner was "not entitled to error-free representation").  Counsel's performance must

be evaluated with a high degree of deference and without the distorting effects of

hindsight.  Strickland, 466 U.S. at 689.  To show counsel's performance was

unreasonable, a defendant must establish that "no competent counsel would have taken

the action that his counsel did take."  Gordon v. United States, 518 F.3d 1291, 1301

(11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.  When reviewing the

performance of an experienced trial counsel, the presumption that counsel's conduct

was reasonable is even stronger, because "[e]xperience is due some respect."

Chandler, 218 F.3d at 1316 n.18.

　　　With regard to the prejudice requirement, defendant must establish that, but for

counsel's deficient performance, the outcome of the proceeding would have been

different.  Strickland, 466 U.S. at 694.  "The likelihood of a different result must be

substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011)

(quoting Strickland).  For the court to focus merely on "outcome determination,"

however, is insufficient; "[t]o set aside a conviction or sentence solely because the

outcome would have been different but for counsel's error may grant the defendant a

windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364,

369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010).  A

defendant therefore must establish "that counsel's errors were so serious as to deprive

the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369

(quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a

defendant must demonstrate that there is a reasonable probability that, but for counsel's

errors, the result of the proceeding would have been less harsh due to a reduction in the

defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001).  A

significant increase in sentence is not required to establish prejudice, as "any amount of

actual jail time has Sixth Amendment significance." Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for

his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401,

1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are

insufficient to satisfy the Strickland test. See Boyd v. Comm'r, Ala. Dep't of Corr., 697

F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807

(11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v.

United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551,

1559 (11th Cir. 1991); <u>Stano v. Dugger</u>, 901 F.2d 898, 899 (11th Cir. 1990) (citing

<u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and

presumptions set forth above, "the cases in which habeas petitioners can properly

prevail . . . are few and far between." <u>Chandler</u>, 218 F.3d at 1313.  This is because the

test is not what the best lawyers would have done or even what most good lawyers

would have done, but rather whether some reasonable lawyer could have acted in the

circumstances as defense counsel acted.  <u>Dingle</u>, 480 F.3d at 1099; <u>Williamson v.</u>

<u>Moore</u>, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to

have been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent attorney would

have chosen it.'"  <u>Dingle</u>, 480 F.3d at 1099 (quoting <u>Adams v. Wainwright</u>, 709 F.2d

1443, 1445 (11th Cir. 1983)).  Regardless of how the standard is framed, under the

prevailing case law it is abundantly clear that a moving defendant has a high hurdle to

overcome to establish a violation of his constitutional rights based on his attorney's

performance.   A defendant's belief that a certain course of action that counsel failed to

take might have helped his case does not direct a finding that counsel was

*constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records

conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b);

<u>Rosin v. United States</u>,786 F.3d 873, 877 (11th Cir. 2015); <u>Gordon v. United States</u>, 518

F.3d 1291, 1301 (11th Cir. 2008).  Not every claim of ineffective assistance of counsel

warrants an evidentiary hearing.  Gordon, 518 F.3d at 1301 (citing Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984)).   To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief.   See Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   See Winthrop–Redin v. United States, 767 F .3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are ... based upon unsupported generalizations") (internal quotation marks omitted); Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.  Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One

Mr. Tilcock first contends that his trial counsel, Richard Greenberg, was ineffective for allowing him to testify at the bond revocation hearing.  Despite the seriousness of the charges against him, Mr. Tilcock had been released on bond so that he might cooperate with the Government.  After reports that he had threatened a confidential informant, the court scheduled a revocation hearing for the following day. (See ECF No. 45).

At the hearing Jacob Mason, the confidential informant, testified about his relationship with Mr. Tilcock and the phone call in question, (ECF No. 75 at 9–23).

Mr. Mason explained that during the call, Mr. Tilcock expressed how angry he was, that he was "out to hurt" Mason and his girlfriend and that he had been looking for "Masons" in Cocoa Beach where Mason's father lived.  (ECF No. 75 at 13–14).  Mr. Mason immediately reported the call to law enforcement, and later that evening made a recorded call to Mr. Tilcock under law enforcement supervision.  The recording of Mason's call to Mr. Tilcock was published at the hearing, although the contents of the recording are not transcribed.  (ECF No. 75 at 25).

Defendant Tilcock testified next.  (ECF No. 75 at 26–39).  Mr. Tilcock explained that during the earlier, unrecorded conversation he told Mr. Mason that Mason had been like a brother to him and told Mr. Mason that he "was going to get him in another way," namely by reporting to law enforcement what Mr. Tilcock knew about Mr. Mason's robbery of a Subway.  (ECF No. 75 at 26–28, 35).  Mr. Tilcock denied knowing that he was not permitted to speak with Mr. Mason, indicating that his understanding was that he was not permitted to speak with his co-defendants, which Mason was not.  (ECF No. 75 at 28).  Mr. Tilcock also claimed that he contacted Mr. Mason as a result of his ninth step in Narcotics Anonymous, to make amends, and noted that during the recorded conversation he wished Mr. Mason the best and said that he was not out to hurt anyone, and thanked Mr. Mason for possibly saving his life, since he was on a "dirty path." (ECF No. 75 at 28–30, 32).

After the conclusion of the testimony, Mr. Greenberg argued that Mr. Tilcock's behavior while out on bond had been exemplary, and that he should be permitted to remain free.  (ECF No. 75 at 39–41).  The court stated that this case was "not as clear

as it seemed to be from the original affidavit," thus suggesting that either Mr. Tilcock's testimony, the recorded conversation, or both had counter-balanced the information initially supplied by Mr. Mason to law enforcement.   (ECF No. 75 at 41; *see also* ECF No. 45 at 6).  Although the court opined that Mr. Tilcock had not set out to violate the conditions of his pre-trial release, it revoked his release based on the provisions of the Bail Reform Act, finding that there were not longer exceptional reasons why he should not be remanded to custody.  The court also found that Mr. Mason's testimony about the alleged threats was credible.  (ECF No. 75 at 42–43).

Mr. Tilcock now asserts that counsel was constitutionally ineffective for allowing him to testify at the hearing.  His assertion is not based on the results of the revocation hearing, but rather on the impact that his testimony had on later events.  Thus, the Government's response, which does not address this issue, misses the mark.  Nonetheless, Mr. Tilcock has failed to meet his burden of showing that counsel's decision was either deficient or resulted in prejudice.

First, Mr. Tilcock's testimony was the only direct evidence available to rebut Mr. Mason's testimony about the alleged threats.  Mr. Tilcock does not suggest that counsel knew that he had threatened Mr. Mason prior to calling him to the witness stand, and counsel is not charged with clairvoyance.  *See* United States v. Fields, 565 F.3d 290, 295 (5th Cir. 2009).  Second, if Mr. Tilcock had not testified and Mr. Mason's testimony was left unrebutted, the same result would have inured.  The court could have used this testimony, the affidavit supplied to law enforcement, and testimony from agents who interviewed Mr. Mason to support both the application of the obstruction

enhancement and its decision not to award Mr. Tilcock acceptance of responsibility.

Finally, even without a hearing on the revocation, the same information could have been

presented to the court at sentencing.  Therefore, the fact that Mr. Tilcock's own

testimony may have hurt, rather than helped, him is not indicative of a constitutional

failing on the part of his attorney.  He is not entitled to relief.

Ground Two

In Mr. Tilcock's second ground for relief he contends that counsel was

constitutionally ineffective because he did not advise his client of his "right" to withdraw

his plea after the district court made a comment on the record at the revocation hearing

regarding his substantial assistance.  The comment in question was as follows:

> It does not seem, with the guideline range that Mr. Tilcock probably is
> looking at, even assuming he gets a substantial assistance motion– that
> probably is a question at this point, but – if he gets a substantial
> assistance motion, and if that's the guideline range, and after I read all of
> the background information, it may well be that he would be a sentence
> significantly below the guideline range, but it doesn't seem to me at this
> point that I can reasonably estimate that he's got [sic] going to get a prison
> sentence.

(ECF No. 75 at 44–45).  Mr. Tilcock interprets the court's comment as an indication that

it would be permissible for the Government to disregard any assistance he offered and

to decline to file a substantial assistance motion.  He faults Mr. Greenberg for not

advising him of his right to withdraw his plea under this circumstance, since, he claims,

absent counsel's promise that he would receive the benefit of such a motion, he would

not have pleaded guilty.  Mr. Tilcock's claim is without merit in two regards.

Federal Rule of Criminal Procedure 11 governs pleas in criminal cases.  Rule

11(d)(2)(B) provides that a defendant may withdraw a plea of guilty if the defendant can

show a "fair and just reason" for requesting the withdrawal.  Mr. Tilcock's assertion that

he had a "right" to withdraw his guilty plea is mistaken.  After the district court has

accepted a defendant's plea, there exists "no absolute right to withdraw a guilty plea

prior to sentencing."  United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988) (cited

in United States v. Solarte, Case 15-12257, 2016 WL 104465 (11th Cir. Jan. 11, 2016));

United States v. Villalona, 506 F. App'x 902, 904 (11th Cir. 2013) (also citing Buckles).

In determining whether a defendant has met his burden to show a "fair and just reason"

to withdraw a guilty plea under the criminal rules, a district court may consider the

totality of the circumstances, including: (1) availability of the close assistance of

counsel; (2) knowing and voluntary plea; (3) conservation of judicial resources; and (4)

potential for prejudice to the government upon withdrawal of the plea. Buckles, 843 F.2d

at 471–72; Solarte, 2016 WL 104465, at *1.  Mr. Tilcock had the close assistance of

retained counsel, and the district court's thorough plea colloquy supports the conclusion

that his plea was knowing and voluntary.  See Solarte, 2016 WL 104465, at *1; ECF No.

79. There was no fair and just reason to withdraw the plea.

Mr. Tilcock also claims that absent the promise of a § 5K1.1 reduction, he would

not have entered a plea of guilty.  (ECF No. 95 at 7).This assertion is flatly contradicted

by the transcript of the rearraignment proceeding.  (ECF No. 79).  During this

proceeding Mr. Tilcock stated, under oath, that no one had promised him that he would

get a substantial assistance motion.  (ECF No. 79 at 17).  He expressly confirmed that

the written plea agreement and supplement contained his entire agreement with the Government, and that there were no secret or undisclosed promises. (ECF No. 79 at 15, 17). In addition, he acknowledged his understanding that the decision whether to file a substantial assistance motion was up to the Government, and that if the Government did not file such a motion, or he was dissatisfied with the court's ruling on the motion, this would not provide a basis for withdrawing his guilty plea. (ECF No. 79 at 15–16). It is well established that there is a strong presumption that statements made by a defendant during a plea colloquy are true, and a defendant bears a heavy burden to shown that his statements under oath were false. *See* Villalona, 508 F. App'x at 904 (citing United States v. Wedlock, 12 F.3d 185, 187 (11th Cir. 1994); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988)). Mr. Tilcock has not met his burden in this case.

In sum, regardless of Mr. Tilcock's interpretation of the court's comment, there was no legal basis for him to withdraw his guilty plea. The district court's seemingly casual comment would not have supported such a motion, and Mr. Tilcock had no absolute "right" to withdraw his plea as he suggests. Therefore, Mr. Greenberg was not constitutionally ineffective in failing to provide advice in this regard.

Ground Three

Mr. Tilcock's third claim is that the district court abused its discretion by determining that his contacting a potential witness rose to the level of an obstruction of justice. Mr. Tilcock argues that the court imposed the obstruction of justice enhancement under U.S.S.G. § 3C1.1 without specific findings of fact, and that, if

anything, the district court simply found the Government's witness Jacob Mason more credible.  He concedes that Mr. Mason's vacillating testimony supported revocation of pretrial release.  Mr. Tilcock argues that the testimony did not support the obstruction of justice enhancement because he did not "willfully" obstruct or impede the administration of justice, and because he had already signed the plea and begun cooperating with the Government at the time of the supposed threats, such that Mr. Mason was not a witness against him.  He again argues that absent his own testimony, there would likely not have been an obstruction of justice enhancement.

This claim is procedurally barred as it was already considered on direct review. The Eleventh Circuit specifically found that the "district court did not err when it enhanced Tilcock's sentence for obstructing justice."  (ECF No. 86 at 3).  Mr. Tilcock is precluded from relitigating his claim herein.  See Rozier, 701 F.3d at 684; Nyhuis, 211 F.3d at 1343.   To the extent Mr. Tilcock again claims that counsel was constitutionally ineffective for allowing him to testify at the revocation hearing, this issue was addressed in Ground One and found to be without merit.

Ground Four

Mr. Tilcock next claims that appellate counsel, Robert Harper, Esq., performed deficiently in that he did not raise an ineffective assistance of counsel claim on direct appeal.   He asserts that Mr. Harper should have challenged counsel's constitutional effectiveness with respect to his advice about testifying at the revocation hearing.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could

have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503

(2003).  Thus, a failure to raise even a viable ineffective assistance of counsel claim on

appeal would not bar a defendant from raising the same claim later in a motion for

collateral relief.

      Due process of law requires that a defendant receive effective assistance of

appellate counsel on his direct appeal.  Evitts v. Lucey, 469 U.S. 387, 396 (1985). To

prevail on a claim for ineffective assistance of appellate counsel, a defendant must

show that (1) appellate counsel's performance was deficient, and (2) but for counsel's

deficient performance he would have prevailed on appeal.  Shere v. Sec'y Fla. Dep't of

Corr., 537 F.3d 1304, 1310 (11th Cir. 2008); see Philmore v. McNeil, 575 F.3d 1251,

1264 (11th Cir.2009) (holding that claims for ineffective assistance of appellate counsel

are governed by the same standards applied to trial counsel under Strickland v.

Washington, 466 U.S. 668, 687 (1984)). To determine whether defense counsel

rendered ineffective assistance by failing to raise certain issues on appeal, the court

may consider the merits of the issues the defendant alleges counsel was derelict in not

raising on appeal.  Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988); Reutter v.

Secretary for Dept. of Corrections, 232 F. App'x 914, 917 (11th Cir. 2007) (determining

that counsel's decision not to raise a particular argument on appeal, in light of his

having raised several important claims, was likely a strategic decision to "winnow out

weaker arguments").   Of course, appellate counsel is not ineffective for failing to raise

claims that are reasonably considered to be without merit.  Brown v. United States, 720

F.3d 1316, 1335 (11th Cir. 2013); Shere, 537 F.3d at 1311; United States v. Nyhuis,

211 F.3d 1340, 1344 (11th Cir. 2000) (citing Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984)).  Because the undersigned has found that trial counsel Mr. Greenberg was not constitutionally ineffective for permitting Mr. Tilcock to testify at the revocation hearing, appellate counsel Mr. Harper cannot be found to have been constitutionally ineffective for declining to raise this claim on appeal.

Mr. Tilcock also notes that despite objections relating to "drug trips, drug amounts and proffer protected statements by Defendant," counsel raised none of these issues on appeal.  To the extent Mr. Tilcock claims that Mr. Harper was constitutionally ineffective for failing to raise these claims, his conclusory assertions do not entitle him to relief.  The record reflects that after consideration of the evidence, the district court significantly reduced the quantity of drugs attributable to Mr. Tilcock, and ensured that "protected information" was not considered.  (*See* ECF No. 76 at 42–54, 55, 73, 78). Mr. Tilcock has not proffered any meritorious arguments that Mr. Harper could have made that would have changed the outcome of his appeal.

Ground Five

Mr. Tilcock argues that both Mr. Greenberg and Mr. Harper both failed to adequately argue that, even taken in the light most favorable to the Government, the obstruction of justice enhancement produced a sentence that was unreasonable and greater than necessary, contrary to the dictates of 18 U.S.C. § 3553.  He maintains that even if the twenty-five minute phone conversation that he had with Mr. Mason on May 2, 2011, had a threatening tone, any fear Mr. Mason may have had should have been alleviated by the conciliatory conversation the two men had later in the day during which

Mr. Tilcock thanked Mr. Mason for giving him the needed push to change his life around.  Thus, at most, Mr. Tilcock argues, Mr. Mason had a reason to fear for his safety for no more than five hours.  In light of this, he contends, the resulting five-level sentencing differential (the two-level increase for the obstruction adjustment and lack of a three-level downward adjustment for acceptance) was unreasonable and culminated in a sentence that was greater than necessary to comply with the purposes of 18 U.S.C. § 3553(2).

The primary basis for Mr. Tilcock's assertion appears to be that his sentence was greater than what he anticipated.  (*See* ECF No. 95 at 12).  Neither Mr. Tilcock's dissatisfaction with the guidelines calculations nor the fact that he did not receive the benefit of a substantial assistance motion is provides a legal basis for finding that either Mr. Greenberg or Mr. Harper's performance was constitutionally deficient.  The court warned Mr. Tilcock at his rearraignment that no one, not even his "very experienced" trial counsel, could predict the sentence he would receive, and that dissatisfaction with his sentence could be a basis for appeal, but not for withdrawal of his guilty plea.  (ECF No. 79 at 12–14).  Mr. Tilcock has not shown that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover, 531 U.S. at 203–04.  He is not entitled to relief.

Conclusion

For all of the foregoing reasons, the court finds that Mr. Tilcock has not established that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an

evidentiary hearing is warranted.  Therefore the court should deny Mr. Tilcock's motion in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (ECF No. 95) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 15ᵗʰ day of April, 2016.


/s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.